WESTERN SURETY COMPANY, as Surety for JOSHUA KNIGHT AUTO CO. dba JOSHUA'S AUTO SALES, Appellant, v. ADCO CREDIT, INC., dba AUTO DEALERS CONSOLIDATED, Respondent.

No. 54442

March 17, 2011                                    251 P.3d 714

*Anderson, McPharlin & Conners LLP* and *Janiece S. Marshall* and *Zachary T. Ball*, Las Vegas; *Anderson, McPharlin & Conners LLP* and *Mark E. Aronson*, Los Angeles, California, for Appellant.

*Bell and Young, Ltd.*, and *Richard D. Young*, Las Vegas, for Respondent.

Before DOUGLAS, C.J., PICKERING and HARDESTY, JJ.

## OPINION

By the Court, DOUGLAS, C.J.:

In this appeal, we consider whether Nevada's motor vehicle bond statute, NRS 482.345, includes defrauded finance companies as possible claimants under the bond. We conclude that under the plain meaning of the phrase ''any person'' in NRS 482.345, a defrauded finance company is a proper claimant under the dealer bond and, thus, the district court properly granted respondent ADCO Credit, Inc.'s petition for judicial review.

### FACTS

Appellant Western Surety Company issued a dealer licensing bond in the amount of $50,000 as surety for Joshua's Auto Sales.[1]

---

[1]Joshua Knight Auto Co. d.b.a. Joshua's Auto Sales is not a party to this appeal.

Respondent ADCO provided Joshua's with a line of credit to purchase vehicles at auction. ADCO discovered that some of the vehicles Joshua's purchased with the line of credit were vehicles Joshua's already owned. The parties do not dispute that Joshua's defrauded ADCO.

Most of the vehicles were resold to consumers, and ADCO received some repayment of the funds from the line of credit but was not repaid in full. Consequently, ADCO petitioned the DMV to be reimbursed from the proceeds of the dealer's surety bond provided for Joshua's by Western.

The matter was first heard by a DMV administrative law judge, who determined that "a dealer's surety bond is intended for the protection of the consumer, not to safeguard finance companies." Therefore, the administrative law judge found that ADCO was not entitled to compensation from the bond. ADCO challenged this finding by filing a petition for judicial review in district court. The district court granted ADCO's petition, finding that ADCO was entitled to recover on the bond and remanding the matter for further determinations. Western now appeals from that order.

### DISCUSSION

On appeal, Western argues that ADCO is not entitled to recover from the dealer licensing bond issued by Western to Joshua's pursuant to NRS 482.345 because ADCO does not fall within the scope of persons the statute is intended to include. Western focuses on the language of NRS 482.345(5) and the use of the phrase "consumer contract" to contend that the statute limits claimants only to defrauded consumers. ADCO counters that the statute does not limit the potential claimants only to defrauded consumers because NRS 482.345(6) states that the bond must provide an opportunity for "any person" to apply for compensation from the bond. ADCO argues that the 2001 amendments to the statute, which added the references to consumer contracts and deceptive trade practices, were not intended to modify the plain meaning of the phrase "any person."

Western challenges ADCO's broad interpretation of the phrase "any person," asserting that the remedy provided in NRS 482.345 is only available following a violation by a salesperson of a licensed dealer, and therefore, the Legislature considered only consumer victims. Western also argues that expanding the possible claimants beyond consumers to include nonconsumers would defeat the purpose of a bond by limiting the funds available to consumers. We agree with ADCO and, therefore, affirm.

*Standard of review*

When reviewing a district court's order granting a petition for judicial review of an administrative agency decision, this court en-

gages in the same analysis as the district court: "we evaluate the agency's decision for clear error or an arbitrary and capricious abuse of discretion." *Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 383 (2008). This court defers to an agency's findings of fact that are supported by substantial evidence and will "not reweigh the evidence or revisit an appeals officer's credibility determination." *Id.* at 362, 184 P.3d at 383-84. However, questions of law, including questions of statutory interpretation, are reviewed de novo. *Sims v. Dist. Ct.*, 125 Nev. 126, 129-30, 206 P.3d 980, 982 (2009); *Office of Barry Levinson*, 124 Nev. at 362, 184 P.3d at 384.

With regard to statutory interpretation, if a statute is clear and unambiguous, this court gives effect to the plain and ordinary meaning of the statute's language, and we do not resort to the rules of statutory construction. *Seput v. Lacayo*, 122 Nev. 499, 502, 134 P.3d 733, 735 (2006), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008).

*ADCO is a proper claimant and can recover under NRS 482.345*

ADCO contends that pursuant to the plain language of NRS 482.345, it is a proper claimant and can recover compensation from the bond. We agree.[2]

NRS 482.345(1) states that:

> [b]efore any dealer's license . . . is furnished . . . the Department [of Motor Vehicles] shall require that the applicant . . . procure and file with the Department a good and sufficient bond with a corporate surety thereon, duly licensed to do business within the State of Nevada, approved as to form by the Attorney General, and conditioned that the applicant or any employee who acts on behalf of the applicant within the scope of his or her employment shall conduct business as a dealer . . . without breaching a consumer contract or engaging in a deceptive trade practice, fraud or fraudulent representation, and without violation of the provisions of this chapter.

NRS 482.345(5) adds that "[t]he undertaking on the bond includes any breach of a consumer contract, deceptive trade practice, fraud, fraudulent representation or violation of any of the provisions of this chapter." NRS 482.345(6) states that "[t]he bond must provide that any person injured by the action of the

[2]We further reject Western's argument that under NRS 482.345(5), only consumers may recover on the bond because the subsection mentions breach by a salesperson of a licensed dealer. This argument is without merit.

dealer . . . may apply . . . for compensation from the bond." Under NRS 482.345(7), "[i]f a person is injured by the actions of a dealer," the person may bring an action on the bond.

NRS Chapter 482 provides no definition for the term "person," *see* NRS 482.010-.137, nor is the scope of NRS 482.345 constrained by limiting language. However, *Webster's* dictionary defines "person" as "a human being (natural person) or a group of human beings, a corporation, a partnership, an estate, or legal entity . . . recognized by law as having rights and duties." *Webster's New Universal Unabridged Dictionary* 1445 (1996).

Therefore, based on the plain language of the phrase "any person" as used in NRS 482.345(6), we conclude that its meaning is clear and unambiguous, and includes corporate entities such as ADCO. Based on the plain language of NRS 482.345, the statute is intended to extend protection to a class larger than simply consumers, and the bond's protections are not limited to consumers, as it states that the bond must provide that "any person injured by the action of the dealer" may apply for compensation from the bond. Thus, we further conclude that the district court did not abuse its discretion in granting the petition for judicial review and finding that ADCO could recover from the bond pursuant to NRS 482.345(6).

Although not discussing the exact same issue, this court's opinion in *State, Department of Motor Vehicles v. Garcia-Mendoza*, 114 Nev. 1187, 971 P.2d 377 (1998), tends to support our conclusion here. In *Garcia-Mendoza*, this court addressed whether the DMV could recover under NRS 482.345. *Id.* There, this court invalidated the district court's order granting Eva Garcia-Mendoza's petition for a writ of garnishment and attachment of bond, which directed the DMV to pay fines levied against the auto dealer from the bond. *Id.* at 1191, 971 P.2d at 379. This court concluded that the DMV had not properly executed its claims against the bond, which as a creditor it must do, and that the DMV "cannot simply help itself to the money it controls for the benefit of others." *Id.* at 1191-92, 971 P.2d at 379-80. The court added that the bond requirement of NRS 482.345 was "clearly intended to ensure compensation for defrauded consumers, not the DMV."[3] *Id.* The court did not, however, eliminate the possibility of nonconsumers re-

---

[3]With this statement, it appears that the court implicitly considered the scope of NRS 482.345. However, this point was expressed in a plurality decision that only two justices signed. *Garcia-Mendoza*, 114 Nev. at 1192, 971 P.2d at 380. Nonetheless, four of the five justices contemplated construing NRS 482.345 to allow nonconsumers to claim against the bond. *See id.* at 1192-96, 971 P.2d at 380-83 (ROSE, J., dissenting, and YOUNG, J., dissenting).

covering funds from the bond. In fact, the court left open the possibility that the DMV may have been eligible to recover from the bond had it complied with the proper procedures for executing on its claim. *Id.* at 1192, 971 P.2d at 380.

Further, although this court does not resort to a review of legislative history when a statute's meaning is plain, we offer as illumination the statute's legislative history. NRS 482.345 was amended in 2001 and 2005. The 2001 amendment to NRS 482.345(4), which is now subsection 5, added "breach of consumer contract" and "deceptive trade practices" to the list of injuries for which the bond could be used to compensate.[4] 2001 Nev. Stat., ch. 391, § 3, at 1889-90. During discussion of the 2005 amendment,[5] Assemblywoman Barbara Buckley discussed the statute in terms of the rights of the consumer, stating that "the bill clarifies that an aggrieved consumer has the option of going to court or bringing an administrative action held by [the] DMV." Hearing on A.B. 249 Before the Assembly Comm. of Commerce and Labor, 73d Leg. (Nev. April 6, 2005). Western uses this language to assert that the bond is limited to consumer claims and is solely for consumer protection. ADCO conversely claims that Assemblywoman Buckley's language indicates that NRS 482.345 is a consumer protection measure aimed at protecting any injured person rather than just those with consumer contracts.[6]

---

[4]The language was amended to read:

> The undertaking on the bond includes any breach of a consumer contract, deceptive trade practice, fraud, ~~or~~ fraudulent representation or violation of any of the provisions of this chapter by the representative of any licensed distributor or the salesman of any licensed dealer, manufacturer or rebuilder who acts for the dealer, distributor, manufacturer or rebuilder on his behalf and within the scope of the employment of the representative or the salesman.

2001 Nev. Stat., ch. 391, § 3, at 1889-90 (additions underlined, deletions struck through).

[5]The 2005 amendment added a requirement that the surety issuing the bond appoint the Secretary of State as its agent, as well as changes to subsection 6 and the additions of subsections 7 and 8, which are not important to the outcome of this case. 2005 Nev. Stat., ch. 340, § 16, at 1241-43.

[6]It should be noted that NRS 482.318 appears to support the idea that the chapter is focused on protecting the public in general, not solely consumers. It states:

> The Legislature finds and declares that the distribution and sale of motor vehicles in the State of Nevada vitally affects the general economy of the State and the public interest and the public welfare, and in the exercise of its police power, it is necessary to regulate and to license motor vehicle manufacturers, distributors, new and used vehicle dealers, brokers, rebuilders, leasing companies, salespersons, and their representatives doing business in the State of Nevada in order to prevent frauds, impositions and other abuse upon its citizens.

However, the inclusion of "any breach of a consumer contract" in NRS 482.345(5) as a basis for claiming against the bond does not decrease the scope of those intended to be eligible to recover from the bond. The adjective "consumer" modifies only the term "contract" and not the other violations listed in NRS 482.345(5), *i.e.*, deceptive trade practices, fraud, or fraudulent representations. The fact that contract breaches are limited to consumer contracts does not imply that claims based on deceptive trade practices or fraud are limited to those committed against consumers. Thus, the legislative history supports our conclusion that, based on the plain language of NRS 482.345, ADCO is eligible to apply for compensation from the bond.[7]

We therefore affirm the district court's order granting the petition for judicial review.

PICKERING and HARDESTY, JJ., concur.

---

[7]Our conclusion that the language of NRS 482.345 is clear and unambiguous is supported by similar cases in other jurisdictions. *See Bryant Motors v. American States Ins.*, 800 P.2d 683 (Idaho Ct. App. 1990); *State v. General Insurance Company of America*, 179 N.W.2d 123 (N.D. 1970). These courts have broadly construed the meaning of the phrase "any person" as used in similar vehicle dealer statutes. *Bryant Motors*, 800 P.2d at 686 (court broadly applied the definition of "any person" based on surrounding broad language of "suffering any loss as a result of any fraudulent representation"); *Hartford Cas. Ins. Co. v. Credit Union 1*, 992 P.2d 800, 806 (Kan. 1999) (interpreting its statute consistent with other jurisdictions' interpretations that the phrase " 'any person' . . . include[s] not only consumers or purchasers but also lenders").